## Ballenger's Estate.

*Will—Construction—Trust and trustees—Intestacy.*

Testator devised certain real estate and one of the three shares into which he divided his residuary estate in trust for his son, A, for life, and after his death to his issue absolutely, but if A should die without issue then to a daughter and to another son, "to be held for them upon the same uses' and trusts as are set forth of and concerning their share and interests in my residuary estate." He also devised one of three shares of the residuary estate in trust for his daughter for life, and after her death in trust for her son for life. He devised a third share in trust for another son. He described each of the shares as "the principal of his (her) said trust estate." He further directed that apart from the cancelation of A's indebtedness to the testator, A "shall have and take no other part, share, or. interest in my estate of any kind whatsoever." The daughter died leaving her son to survive her, and afterwards A died without issue. *Held* that there was no intestacy as to the share of A, and that the specific real estate devised to him, and also his share of the residuary estate passed to and' became subject to the trusts in favor of the testator's surviving son and the daughter's son.

Argued Dec. 9, 1901. Appeal, No. 149, Oct. T., 1900, by Walter Ballenger, from decree of O. C. Phila. Co., April T., 1889, No. 407, dismissing exceptions to adjudication in estate of James Ballenger, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that the case turned on the construction of the will of James Ballenger, deceased.

The material portions of the will are quoted in the opinion of the Superior Court.

*Error assigned* was decree of the court dismissing exceptions to adjudication.

*J. H. Shoemaker*, for appellant.—Mere negative words are not sufficient to exclude the heir or next of kin.   There must be an actual gift to some other definite object: Hitchock v. Hitchock, 35 Pa. 399; Bruckman's Est., 195 Pa. 363; Hancock's App., 112 Pa. 532.

Intestacy relates back to the death of the decedent and the person or persons at that time standing in the relation of heirs of the intestate will be entitled to take : Bell's Est., 147 Pa. 389.

*Peter Boyd*, for appellee.

OPINION BY RICE, P. J., January 21, 1902:

The testator devised certain real estate and one of the three shares into which he divided his residuary estate in trust for his son Frank for life and after his death to his issue absolutely, but if Frank should die without issue then to a daughter and another son, " to be held for them upon the same uses and trusts as are set forth of and concerning their share and interests in my residuary estate."   He also devised one of the three shares of the residuary estate in trust for his daughter for life, and after her death in trust for her son James for life.   The daughter died leaving her son to survive her and afterwards Frank died without issue.   The case turns upon the construction of the words of the will above quoted.   The appellant's contention is that the real estate so devised to Frank and the moiety of his share of the residuary estate which would have gone to his sister for life, if she had survived him, is to be disposed of under the intestate laws.   Upon that construction he will obtain a share of the estate notwithstanding the explicit direction of the will, that aside from a cancelation of his indebtedness to the testator, he " shall have and take no other part, share or interest in my estate of any kind whatsoever."   We are not unmindful of the principle that mere negative words are not sufficient to exclude the heir or next of kin ; there must be an actual gift to some other and definite object.   But although the words last quoted do not control the decision of the question before us, surely they may be considered in de-

termining the primary question, whether the testator intended Frank's share to be disposed of under the intestate laws in the contingency that has happened. After a careful consideration of all the provisions of the will, including the one last quoted, we cannot avoid the conclusion that if the result contended for by the appellant is reached, it will not be because the testator so intended, but because he failed to choose apt words to express his intention.

Another feature of this will which is significant is the manner in which the testator designated the three shares into which he directed his residuary estate to be divided. As already seen, he gave one of three shares in trust for Frank for life, another to his daughter, Mary Dagney for life, and after her death for her son James for life, and the third in trust for his son James for life. In disposing of the first of these shares after the death of Frank, the testator described it as " the principal of his (Frank) said trust estate," and in disposing of each of the other two shares after the death of the life tenant the same words were used. It was a convenient mode of designating the share, and whether it was strictly accurate to speak of it as the trust estate of Frank or not, there is no room for doubt as to the meaning of the testator. It is equally clear that when in the clause being construed the testator used the words " their share and interests in my residuary estate," he meant the shares in their entirety, not merely the life estate of his daughter Mary and his son James in those shares. As to each of these shares certain trusts were declared beyond the life of the first taker, and when the testator declared that the share of Frank, after his death without issue, should be held " upon the same uses and trusts as are hereinafter set forth of and concerning their shares and interest in my residuary estate," he had reference to all the " uses and trusts " declared " of and concerning " the two shares referred to. This is the plain meaning of the words. If the testator had meant that the share was to be subject to only one of the trusts declared of and concerning the share, which for convenience was called the share of Mary, he would have said so. The words " to be held for them " are not sufficient to warrant the conclusion that the trust was to terminate with their lives. These words were introduced for the evident purpose of limiting the preceding words, which, standing by

themselves, would have imported an absolute gift, not for the purpose of qualifying the words which follow. The paramount intention of the testator as disclosed in the latter part of the clause is in harmony with the entire scheme of the will. It may be carried out without doing violence to the words used in any other part of the clause, and should control. We fully concur in the conclusion reached by the court below, that Frank having died without issue, the specific real estate devised to him and also his share of the residuary estate passed to and became subject to the other trusts.

The decree is affirmed, the costs to be paid by the appellant.